UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ILLINOIS PAPER & COPIER CO., <br> Plaintiff, <br> v. <br> THE PAPER MILL STORE, INC., <br> Defendant. | Civil Action No. <br><br> COMPLAINT |

Plaintiff Illinois Paper & Copier Co., ("Illinois Paper") complains of defendant The Paper Mill Store, Inc. ("TPMS") as follows:

**JURISDICTION AND VENUE**

1. This is an action for declaratory judgment under 28 U.S.C. § 2201. Illinois Paper seeks a declaratory judgment as to the amount of statutory damages and attorneys' fees (if any) it might owe Defendant TPMS as a result of Illinois Paper's non-willful infringement of three copyrighted works owned by TPMS. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. § 1338(a). Venue is proper in this district uner 28 U.S.C. §1391(a), (b), (c) and/or 1400(a).

**THE PARTIES**

2. Illinois Paper is an Illinois corporation with its principal place of business at 6 Territorial Court, Bolingbrook, Illinois 60440. Illinois Paper is engaged in the business of supplying papers, toners, office equipment and other products to customers within this district and elsewhere. Illinois Paper maintains a company website at http://www.ipcc.us.com/ where information about its products, services, history, etc., may be found.

3. Upon information and belief, Defendant The Paper Mill Store, Inc. ("TPMS") is a Wisconsin corporation having its principal place of business in Sun Prairie, Wisconsin. Upon information and belief, TPMS is engaged in the business of supplying paper products to customers in this judicial district and throughout the State of Illinois.

4. There is a case or actual controversy between Illinois Paper and TPMS concerning infringement of certain copyright claims in works owned by TPMS in that TPMS has written to Illinois Paper accusing Illinois Paper of copyright infringement and threatening legal action in connection therewith.

## FACTUAL BACKGROUND

5. On or about September 30, 2014, TPMS, through its counsel, wrote to Illinois Paper accusing Illinois Paper of "republishing stolen content" on Illinois Paper's website.

6. In its letter, TPMS identified three copyrighted works it claimed were reproduced without its authorization on the Illinois Paper website.

7. In its letter, TPMS demanded that Illinois Paper (1) remove any and all content from its website that infringes any TPMS copyright, (2) certify that such materials have been removed and represent that no further unauthorized use will occur, and (3) "Pay damages to TPMS in the amount of $150,000 to compensate TPMS for the harm it has suffered."

8. In its letter, TPMS further stated that, "If Illinois Paper does not accept this offer by October 3, TPMS will only then settle this matter for $175,000 and this offer will only remain open unti TPMS files a lawsuit against Illinois Paper."

9. In its letter, TPMS further stated that, "Once a complaint is on file, TPMS will then only settle this matter for $200,000, and the post-filing offer will expire once TPMS commences discovery."

10. In its letter, TPMS further stated, "In any subsequent settlement negotiations, the settlement payment that TPMS will accept will increase, and will also include all costs and attorneys' fees incurred by TPMS to prosecute this action."

11. In its letter, TPMS further stated, "In situations where [other] parties did not reach immediate settlement, TPMS has often found it necessary to take swift legal action, including by filing lawsuits in federal court."

12. In its letter, TPMS further listed eight lawsuits it has filed in the Western District of Wisconsin against others accused of infringing its copyrights.

13. In its letter, TPMS further stated, "Let this letter serve as notice of Illinois Paper's infringement and allow this letter to create a reasonable understanding that this dispute may result in litigation."

14. Based on at least the foregoing, an actual case or controversy exists between Illinois Paper and TPMS and Illinois Paper reasonably believes it faces litigation as a result.

15. Upon receipt of the September 30, 2014 letter from TPMS, Illinois Paper referred the matter to its counsel and conducted an investigation into TPMS' claims and allegations.

16. As a result of that investigation, Illinois Paper does not dispute that the three copyrighted works identified by TPMS appeared, without authorization, in the Illinois Paper website and further determined that such use was unknowing, unintentional and non-willful.

17. As a result of that investigation, Illinois Paper does not dispute that it is liable for statutory damages under 35 U.S.C. § 504(c)(1) in an amount between $750 and $30,000 for each of the three works identified by TPMS. This information has been communicated to counsel for TPMS in an October 7, 2014 telephone call between counsel for Illinois Paper and counsel for TPMS.

18. As a result of that investigation, Illinois Paper immediately removed the three subject works from its website and has instituted measures to ensure that copyrighted works of TPMS are not, and will not be, reproduced on any Illinois Paper website. This information has also been communicated to counsel for TPMS in an October 7, 2014 telephone call between counsel for Illinois Paper and counsel for TPMS.

19. Illinois Paper, through its counsel, has communicated settlement offers to TPMS that, while less than the $150,000 demanded by TPMS, are realistic under the circumstances and, unlike the $150,000 demanded by TPMS, are within the range contemplated by 35 U.S.C. § 504(c)(1) as well as by 35 U.S.C. § 504(b).

20. To date, TPMS has refused even to counter Illinois Paper's settlement offers and continues to demand $150,000 while continuing to threaten litigation if its demands are not promptly met.

### COUNT 1

21. Plaintiff re-alleges each and every allegation set forth in paragraphs 1-20 above as if fully set forth herein.

22. TPMS's demand for $150,000 for the non-willful use of three copyrighted works is not supported either by facts or law in that, under 35 U.S.C. § 504(c)(1), the maximum statutory award available would be $90,000, and while under the facts of this matter and the precedent of this Court, an appropriate statutory damage would be considerably lower than that.

### COUNT II

23. Plaintiff re-alleges each and every allegation set forth in paragraphs 1-22 above as if fully set forth herein.

24. TPMS's demand for $150,000 for the non-willful use of three copyrighted works is not supported either by facts or law in that, under 35 U.S.C. § 504(b), TPMS' actual damages, and/or Illinois Paper's profits attributable to infringement are considerably lower than that.

### COUNT III

25. Plaintiff re-alleges each and every allegation set forth in paragraphs 1-25 above as if fully set forth herein.

26. TPMS' demand for $150,000 for non-willful use of three copyrighted works is not supported either by facts or law in that, under 35 U.S.C. § 505, TPMS' actual reasonable attorney's fees incurred to date, even when added to statutory damages, actual damages, or Illinois Paper's profits attributable to infringement, are considerably lower than that.

**PRAYER FOR RELIEF**

WHEREFORE, Illinois Paper asks this Court to enter judgment against defendant and against its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with it, granting the following relief:

A. Determine an appropriate damages award to be granted to TPMS for the non-willful use of its three copyrighted works;

B. Determine any other remedy that should be accorded TPMS for the non-willful use of its three copyrighted works;

C. To the extent TPMS unnecessarily or wastefully prolongs these proceedings and thereby needlessly runs up attorney's fees, find that such attorney's fees are not "reasonable" under 35 U.S.C. § 505 and decline to award such fees to TPMS.

D. To the extent TPMS unnecessarily or wastefully prolongs these proceedings and thereby needlessly runs up attorney's fees, find that Illinois Paper is the "prevailing party" under 35 U.S.C. § 505 and award Illinois Paper its reasonable attorneys' fees and costs under 35 U.S.C. § 505;

E. Declare that this matter is fully resolved; and,

F. Such other and further relief as this Court or a jury may deem proper and just.

Dated this 28th day of October, 2014.

    Respectfully submitted,

    /s/ Andrew Staes_____
    Andrew Staes
    Stephen Scallan
    STAES & SCALLAN, P.C.
    111 W. Washington
    Suite 1310
    Chicago, Illinois 60602
    (312) 201-8969

- 6 -

/s/ Philip P. Mann
Philip P. Mann
MANN LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, Washington 98101
(206) 436-0900
Fax (866) 341-5140
*phil@mannlawgroup.com*


Attorneys for Plaintiff
Illinois Paper & Copier Co.